### GORODES v. BRUML.

(Supreme Court, Appellate Term. January 7, 1904.)

1. SALES—ACTION FOR PRICE—COUNTERCLAIM—SUFFICIENCY OF EVIDENCE.

　　In an action to recover for paper weights sold by plaintiff's assignor to defendant, the latter's counterclaim, based on an alleged breach of the assignor's agreement not to make paper weights for any one but defendant, to be sold at Coney Island, is not sustained by proof that defendant had purchased paper weights made by the assignor from dealers on the island, but not showing where such dealers obtained them, nor that the assignor sold them to any person other than defendant.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Michael Gorodes against Henry Bruml. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Rudolph Marks, for appellant.

FREEDMAN, P. J. The plaintiff's assignor, a domestic corporation known as the A. C. Bosselman Company, sold and delivered goods consisting of paper weights to the defendant to the amount of $47.88, for which he gave his promissory note, and also to the amount of $89.26, for which no note was given. Plaintiff proved the sale and delivery of the goods by the corporation to the defendant, the making and delivery of the note by the defendant to the corporation, and the assignment of these claims to plaintiff. The defendant did not successfully dispute any of the foregoing proof, but seemed to rely upon proving a counterclaim set up in his answer, claiming that the corporation had entered into an agreement with him, in which it had contracted not to make any paper weights for any one but the defendant, to be sold at Coney Island, where defendant's place of business was, for one year, and that the corporation had been guilty of a breach thereof. In this defense he failed. He did prove that he had purchased paper weights made by said corporation at Luna Park, and from dealers upon the island who had them; but where those dealers obtained them was not shown, nor was it shown that the corporation sold them to any person other than the defendant. Defendant also failed to prove any items of damage, and as the proof stood at the close of the case the judgment should have been for the plaintiff, instead of for the defendant.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.